UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CHARLIE SCOLLARD,
Plaintiff,
v.
COSTCO WHOLESALE, et al.,
Defendants.

Case No.: 26-CV-1198 JLS (SBC)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

(ECF No. 5)

Presently before the Court is Plaintiff Charlie Scollard's Motion to Remand ("Mot.," ECF No. 5), as well as Defendant Costco Wholesale's Opposition ("Opp'n," ECF No. 8). The Court vacated the hearing on this matter and took them under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 9.

Having carefully considered the Parties' arguments and facts in the record, the Court **GRANTS** Plaintiff's Motion.

## BACKGROUND

This case arises from a February 1, 2024, incident in which Plaintiff alleges he slipped and fell at a Costco retail location. ECF No. 1, Ex. A, at 7. Plaintiff filed the action in California Superior Court on December 23, 2024. *Id.* Plaintiff named Defendant Costco Wholesale, two employees of Costco, Lisa Balderamma and Ryan Jozsa, and twenty Doe employees of Costco as separate defendants. *Id.* After the

Superior Court sustained a demurrer to the complaint, Plaintiff filed and served his first amended complaint, adding employee Gerry Fuentes as a named defendant. ECF No. 1, Ex. D, at 2. On February 20, 2026, the Superior Court sustained a demurrer to the first amended complaint as to the causes of action against the named Costco employees, leaving Costco as the only named defendant. Notice of Removal, ECF No. 1, at 3.

Four days later, on February 24, 2026, Defendant Costco removed the action to this Court based on diversity jurisdiction. *Id.* at 1. Defendant noted that Plaintiff is a citizen of the State of California while Defendant Costco is a corporate citizen of the State of Washington. *See id.* at 6–8. Although the notice of removal was filed more than one year after the action commenced, Defendant alleged that Plaintiff acted in bad faith by refusing to dismiss Defendants Balderamma, Jozsa, and Fuentes, all citizens of California. *See id.* at 5–6.

On March 10, 2026, Plaintiff filed the present Motion. *See generally* Mot. Plaintiff argues that Defendant cannot establish Plaintiff's bad faith and therefore removal was untimely. Defendant filed an Opposition arguing Plaintiff acted in bad faith by refusing to dismiss the individual defendants after two meetings between counsel. Opp'n at 6.

## LEGAL STANDARD

District courts shall have original jurisdiction over any civil action in which the parties are citizens of difference states, and the a amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). However, a case may not be removed under diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Absent bad faith, the Court must remand if removal was untimely. *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

The Ninth Circuit has yet to address the applicable standard for the bad faith exception under § 1446(c). *Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943 (C.D. Cal. 2021). "It is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction.'" *Id.* (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007), *overruled on other grounds by Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013)). Therefore, district courts in this jurisdiction have found that the bad faith requirement "sets a high threshold." *Torres v. Honeywell, Inc.*, No. 2:20-cv-10879-RGK-KS, 2021 WL 259439, at *2–3 (C.D. Cal. Jan. 25, 2021) (quoting *NKD Diversified Enters., Inc. v. First Mercury Ins. Co.*, No. 1:14-cv-00183-AWI-SAB, 2014 WL 1671659, at *3 (E.D. Cal. Apr. 28, 2014)).

Both parties ask this Court to apply the standard articulated in *Kalfsbeek*. 540 F. Supp. 3d 939 at 943. "In determining whether a plaintiff acted in bad faith, district 'courts have considered the timing of naming and dismissing the non-diverse defendant, the explanation given for dismissal, and whether the plaintiff actively litigated the case in "any capacity" against a non-diverse defendant before dismissal.'" *Id.* (quoting *Torres*, 2021 WL 259439, at *3). "Determining whether a plaintiff has acted in bad faith to prevent removal necessarily involves looking into the plaintiff's subjective intent, as the text of section 1466(c)(1) 'strongly suggest[s] intentionality and purpose.'" *Id.* (quoting *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1266 (D.N.M. 2014)).

**ANALYSIS**

The Parties agree that (1) Plaintiff and Defendant are diverse; (2) under diversity jurisdiction, the case became removable on February 20; (3) the notice of removal was filed less than thirty days thereafter; and (4) the notice of removal was filed more than one year after the commencement of the action. *See generally* Notice; Mot.; Opp'n. Therefore, the removal is untimely unless Defendant can establish that Plaintiff acted in bad faith to prevent earlier removal. The Court finds that Plaintiff's conduct does not rise to the level of bad faith.

/ / /

First, the Court finds the timing of naming the non-diverse defendants weighs against bad faith. Plaintiff named two employees at the outset of the case. *Compare, Kalfsbeek*, 540 F. Supp. 3d at 944 *and Turner v. CH Robinson Co., Inc.*, 2025 WL 2778497, at *3 (C.D. Cal. Sept. 30, 2025) *with Kite v. Richard Wolf Med. Instruments Corp.*, 761 F. Supp. 597, 600 (S.D. Ind. 1989) (denying a motion to remand under the previous statute when the plaintiff added the diversity-destroying defendant in response to removal). Although Mr. Fuentes was named later, Defendant does not argue this was done in response to the threat of removal.

Second, the Court finds the timing of dismissal weighs slightly against bad faith. In the context of the one-year limitation, the state court sustained the demurrer as to the claims against the non-diverse defendants on February 20, 2026, almost fourteen months after the action commenced. Although dismissal days after the one-year limitation can be indicative of bad faith, *Kalfsbeek*, 540 F. Supp. 3d at 943–44, a delay of months is more likely acceptable, *NKD Diversified Enters.*, 2014 WL 1671659, at *5) (finding that dismissal four months after the one-year limitation did not demonstrate bad faith).

Additionally, the timing of dismissal in the context of the litigation process weighs against bad faith. In *Turner*, the court emphasized that the non-diverse defendant's dismissal came "on the heels of his deposition, which [the plaintiff] abruptly ended early, and two weeks before [the plaintiff's] opposition to [the defendant's] Motion for Summary Judgment was due." 2025 WL 2778497, at *3. Here, in contrast, the involuntary dismissal of the non-diverse defendants resulted from an actively litigated demurrer to the amended complaint which is indicative of Plaintiff's good faith belief not tactical gamesmanship.

Third, the explanation for dismissal weighs heavily against bad faith. Plaintiff's explanation for the non-diverse defendants' dismissal is reasonable—they were involuntarily dismissed by the state court in ruling on the demurrer to the first amended complaint. Mot. at 12. Defendant argues that Plaintiff acted in bad faith by "refusing to dismiss the individual defendants after defense counsel met and conferred twice" and "[d]efense counsel . . . filed two demurrers." Opp'n at 6. The Court disagrees. California

law requires the parties to meet and confer prior to filing any demurrer. *See* Cal. Civ. Proc. Code § 430.41. It is not categorically bad faith when parties attempt to resolve a legal disagreement and fail to do so.

And more specifically, the Court need not relitigate the merits of the demurrer to resolve this motion. S*ee Somera Capital Mgmt., LLC v. Twin City Fire Ins. Co.*, No. CV 20-4277-DMG (MRWx), 2020 WL 3497400, at *2 (C.D. Cal. June 29, 2020). Although the Superior Court confirmed Defendant's position regarding the sufficiency of these specific negligence claims against the individual defendants, Plaintiff's argument was legally viable. *Kalfsbeek*, 540 F. Supp. 3d at 944. Employees of retail owners may be liable for torts against customers. *See, e.g., Hassaine v. Club Demonstration Servs., Inc.*, 77 Cal. App. 5th 843, 853 (2022) (finding a contractor owed shoppers a duty of reasonable care to provide a safe shopping facility); *Dominguez v. Costco Wholesale Corp.*, E076064, 2022 WL 1498342, at *1 (Cal. Ct. App. May 12, 2022) (acknowledging the defendant manager in dicta). Absent bad faith, Plaintiff was well within his rights to maintain a non-frivolous argument against non-diverse defendants until an adverse ruling from Superior Court.

Finally, active litigation against the non-diverse defendants weighs against bad faith. Engaging in discovery from a defendant will usually satisfy the active litigation factor. *Aguayo*, 59 F. Supp. 3d at 1275. But the "plaintiff can satisfy the standard even if he or she did not take discovery if he or she engaged in any other form of active litigation." *Id.*

It is possible that Plaintiff did not depose any individual defendants before October 2025 because Plaintiff only joined the defendants to prevent removal. Plaintiff conducted discovery against Defendant Costco between March 20, 2025, and June 20, 2025. Mot. at 2–3. It was not until October 3, 2025, that Plaintiff attempted to depose any of the individual defendants. Mot. at 6 ("Plaintiff served a deposition notice scheduling Mr. Fuentes' deposition on October 15, 2025). Plaintiff does not allege any attempt to depose either Ms. Balderamma or Mr. Jozsa while either demurrer was pending.

/ / /

However, it is equally likely that Plaintiff made the strategic decision to focus discovery on the primary defendant and, once Defendant's first demurrer was sustained, to focus on amending the complaint and arguing against the second demurrer. *See Heacock*, 2026 WL 4009849, at *4 (noting that while plaintiff's discovery practice suggests one of the defendants was the primary defendant and plaintiff may have been motivated in part by a desire to stay in state court, the minimal discovery efforts prevented a finding of bad faith). In California state court, plaintiffs may begin discovery ten days after service of summons. *See, e.g.,* Cal. Civ. Proc. Code § 2030.020. Discovery generally ends on or before the thirtieth day before the date initially set for trial. *Id.* § 2024.030. Therefore, Plaintiff had time to conduct discovery until August 21, 2026. Accordingly, Defendant has not met the "strict standard" that is satisfied "when a plaintiff failed to actively litigate a claim against a defendant in any capacity." *Kalfsbeek*, 540 F. Supp. 3d at 945 (quoting *Heacock*, 2016 WL 4009849, at *3).

Defendant has not overcome its burden of demonstrating Plaintiff acted in bad faith, particularly given the strong presumption against removal. *Id.* (citing *NKD Diversified Enters.*, 2014 WL 1671659, at *3–4). Therefore, the removal of the case is barred by the one-year limitation.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' Motion (ECF No. 5) and **REMANDS** this action to the Superior Court for the State of California, County of San Diego. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 24, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge